**WO**                                                                                           RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven James Eaton, | No. CV 10-8134-PCT-GMS (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

On July 26, 2010, Petitioner Steven James Eaton, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner did not immediately pay the $5.00 filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed August 3, 2010 (Doc. 3), Petitioner was given 30 days from the filing date of the Order to either file an Application to Proceed *In Forma Pauperis*, using the form included with the Order, or pay the $5.00 filing fee.

**I.     Application to Proceed *In Forma Pauperis***

On August 16, 2010, Petitioner filed an Application to Proceed *In Forma Pauperis* (Doc. 4) which indicates that his spendable inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**TERMPSREF**

## II. Petition

Named as Respondent in the Petition is Charles Ryan. The Attorney General of the State of Arizona is named in the Petition as an Additional Respondent.

In his Petition, Petitioner challenges his judgment of conviction in the Yavapai County Superior Court in 2009 in matters numbered CR 820080749 and CR 820090023 for Drug Possession. Petitioner alleges that he was sentenced to a term of imprisonment of 7.5 years.

Petitioner's sole ground for relief in the Petition is that his Sixth and Fourteenth Amendment rights were violated when he was denied his Rule 32 right to appeal his conviction.

The Court will require an answer to the Petition.

## III. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2)  The Clerk of Court **must serve** a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)  Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)  Petitioner **may file** a reply within 30 days from the date of service of the answer.

(5)  This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 1st day of November, 2010.

G. Murray Snow
United States District Judge