IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven James Eaton,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CIV 10-8134-PCT-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

    Steven James Eaton filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 26, 2010, challenging his convictions in Yavapai County Superior Court following a guilty plea for two counts of transportation of dangerous drugs for sale and two counts of tampering with physical evidence. Pursuant to the terms of the plea agreement, the trial court imposed concurrent prison terms of one year each for the tampering offenses, and 7.5 years each for the transportation offenses. In his petition, he alleges as his sole ground for relief that he was denied his right to appeal because the Arizona Department of Corrections failed to timely deliver his notice of post-conviction relief, in violation of his rights under the sixth and fourteenth amendments. Respondents contend that the ground is unexhausted and procedurally defaulted. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

On May 20, 2009, Eaton entered into the plea agreement (Doc. 8, Exh C, D). On June 2, 2009, he was sentenced. At that time, he signed a "Notice of Rights of Review After Conviction" which notified him of his post-conviction rights, and in addition informed him of the ninety-day deadline within which to file a notice of post-conviction relief (*Id.*, Exh E, F). On March 5, 2010, more than nine months after his sentencing, Eaton filed a pleading entitled "Notice of Rule 32" in the Yavapai County Superior Court (*Id.*, Exh G). On March 9, 2010, the trial court dismissed the notice as untimely (*Id.*, Exh H). On April 1, 2010, the trial court received Eaton's motion to vacate the dismissal, in which he alleged that he had given the notice to prison officials for mailing on February 9, 2009,[1] and that the failure of the officials to deliver the notice was not his fault (*Id.*, Exh I). On April 2, 2010, the trial court denied Eaton's motion, noting that Eaton's "original request which prompted this Court's March 9, 2010 Order indicates his filing of a Notice of Post-Conviction was clearly untimely by nine (9) months. Even if prison officials had acted promptly, the Notice remains untimely" (*Id.*, Exh J). On May 13, 2010, Eaton filed a Petition for Review in the Arizona Court of Appeals, alleging for the first time as follows:

> Within 90 days of my sentencing I delivered to prison official's my notice of post conviction relief.
> The court did not get it.
> Not having heard back, I filed a second notice.
> Relief was denied.

(*Id.*, Exh K).

On May 21, 2010, the court of appeals ruled that Eaton's petition for review was not filed within 30 days of the trial court's final decision disposing of the petition for post-conviction proceedings as required by Rule 32.9(c) of the Arizona Rules of Criminal Procedure (*Id.*, Exh L). On July 26, 2010, Eaton filed his federal petition.

---

[1] Although Eaton lists the date as February 9, 2009, he likely intended to write 2010, because February 9, 2009 predated even the entry of his guilty plea.

**EXHAUSTION OF REMEDIES**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.

1  722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
2  433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

3  Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

## DISCUSSION

Respondents argue that Eaton did not fairly present to the court of appeals the constitutional claim he is now urging in his federal petition. The Court agrees. He merely alleged that he had delivered his notice of post-conviction relief to prison officials within 90 days of his sentencing. This is a different argument from one he is now raising: that he was denied the right to appeal in violation of his constitutional rights. He made no such federal claim in state court, and has therefore failed to exhaust his state court remedies. *Roettgen*, 33 F.3d at 38. In addition, a return to state court would be futile because his claim is procedurally barred. *See* Ariz. R. Crim. P. 32.2(b). He has not established cause and prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

- 4 -

In addition, Eaton's claim is procedurally barred on independent and adequate state grounds. Both his notice of post-conviction relief and his petition for review were dismissed as untimely, and his failure to observe the filing deadlines of the state courts results in a procedural default. *See Harris*, 489 U.S. at 260. This procedural bar prevents the claim from being reviewed in a federal habeas petition. *Wainwright v. Sykes*, 433 U.S. 72, 87. Eaton's assertion that he delivered his notice to prison officials on February 9, more than eight months after sentencing, and therefore well past the 90-day deadline, does not establish cause and prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.[2]

**IT IS THEREFORE RECOMMENDED** that Steven James Eaton's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

---

[2] Eaton's assertion, made for the first time in his petition for review, that he timely delivered his notice to prison officials, is inconsistent with his initial pleading. In addition, he makes no mention in his March 5 notice that he had previously delivered any notice to prison officials.

- 5 -

1  and Recommendation by the district court without further review. *See United States v.*
2  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
3  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
4  to appellate review of the findings of fact in an order or judgment entered pursuant to the
5  Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.
6      DATED this 24th day of January, 2011.

_____
David K. Duncan
United States Magistrate Judge