**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steven James Eaton,        ) | No. CV-10-8134-PHX-GMS (DKD) |
|                           ) |  |
| Plaintiff,    ) | **ORDER** |
|                           ) |  |
| vs.                       ) |  |
|                           ) |  |
| Charles L. Ryan, et al.,  ) |  |
|                           ) |  |
| Defendant.    ) |  |
|                           ) |  |

Pending before this Court is the Petition for Writ of Habeas Corpus, filed by Petitioner Steven James Eaton. (Doc. 1). On January 25, 2011, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R & R") in which he recommended that the Court deny the Petition and dismiss it with prejudice. (Doc. 10). Petitioner filed an objection to the R & R (Doc. 11). For the reasons stated herein, the Court accepts the R & R and denies the petition.

On July 26, 2010, Petitioner timely filed a writ of habeas corpus, raising one claim for relief–that he was denied his right to appeal. (Doc. 1). In his R & R, Judge Duncan denied Petitioner's claim for relief, providing the following two reasons: (1) that Petitioner had not adequately raised the constitutional claim in state court and (2) that his claim is procedurally defaulted for failure to "observe" state filing deadlines and he has failed to establish cause and actual prejudice to excuse the default. (Doc. 10). Petitioner timely filed an objection to Judge Duncan's R & R, which is set forth in its entirety below:

> <u>State v. Pruett</u> 912 P.2d 1357 (1995) Holds people like me who plead guilty appeal by filing a Rule 32.
> <u>Mayers v. Arizona</u> 908 P.2d 56 (1992) Holds prisoners file a pleading when they give this to prison officials.
> <u>Pruett</u> states appeal is guaranteed by 14th Amendment. In my Petition for Review I made this argument. As such habeas relief should be granted.

(Doc. 11).

Even if the Court accepts Petitioner's argument that he "fairly presented" the federal claim to the state court, *see Duncan v. Henry*, 513 U.S. 364, 365 (1995), Eaton has not objected to Judge Duncan's determination that his claim "is procedurally barred on independent and adequate state grounds" because he failed to timely file his notice of post-conviction relief and his petition for review. (Doc. 10).[1] When a claim is procedurally barred, a petitioner is required to demonstrate cause for the procedural default and actual prejudice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996) ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.").

In the R & R, Judge Duncan concluded that Petitioner had not established cause and actual prejudice because Eaton's explanation for the untimely filing was "that he delivered his notice to prison officials on February 9, more than eight months after sentencing, and therefore well past the 90-day deadline." (Doc. 10). In other words, even if the prison

---

[1] On June 2, 2009, the day the state courted entered Petitioner's sentence, Petitioner received a "Notice of Rights of Review After Conviction", which clearly states that he was required to "file a Notice of Post-Conviction Relief (Form XXIV(c)) within 90 days of the entry of Judgment and Sentence." (Doc. 8, Ex. F). On April 1, 2010, Petitioner filed a Motion to Vacate the court's dismissal of his March 5, 2010 "Notice of Rule 32". (*Id.*, Ex. I). In that Motion, Petitioner stated that he gave prison officials his original notice on February 9, 2009, several months before he was actually convicted. The superior court interpreted that statement to mean that he had submitted the notice to prison officials on February 9, 2010, and concluded that his notice was untimely. (*Id.*, Ex. J). Although in his "Petition for Review" filed in the Arizona Court of Appeals Petitioner asserted that he delivered his notice to prison officials within the 90 days of his sentencing (*id.*. Ex. K), Judge Duncan was persuaded that Eaton's original assertion that he submitted the notice on February 9, 2010, was likely accurate. (Doc. 10). Petitioner did not object to Judge Duncan's finding.

officials did in fact fail to deliver his notice, Eaton has not established cause because he did not provide that notice to the officials until approximately six months after the filing deadline. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (Cause is established if a petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). The Court agrees. Furthermore, Petitioner has not objected to Judge Duncan's determination that he failed to establish cause and prejudice for his procedural default, and therefore, the Court need not review Petitioner's sole claim for relief.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Duncan's R & R (Doc. 10) is **ACCEPTED.**
2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**
3. The Clerk of the Court shall **TERMINATE** this action.
4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 8th day of June, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge