**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steven James Eaton, ) | No. CV-10-8134-PHX-GMS (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Charles L. Ryan, et al., ) |  |
| Defendant. ) |  |

Pending before this Court is Petitioner Steven Eaton's "Request to Appeal and Counsel" (Doc. 14), which the Court is treating as a motion for reconsideration of this Court's June 8, 2011 Order, (Doc. 12). For the reasons stated herein, the Court denies Petitioner's motion.

In his petition for writ of habeas corpus, Petitioner raised one claim for relief–that he was denied his right to appeal. (Doc. 1). Petitioner reasserts that claim and essentially argues that he gave his Notice of Post-Conviction Relief to prison officials, and that their failure to timely deliver his notice to the court should not be held against him. (Doc. 14). He further asserts that "the court should have considered [his] appeal and habeas." (*Id.*).

A district court may alter or amend its decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, the granting of a motion for reconsideration "is an extraordinary remedy which should be used sparingly." 11 C. WRIGHT & A. MILLER,

1 FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).  Such a motion "'may not be
2 used to relitigate old matters, or to raise argument or present evidence that could have been
3 raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5
4 (2008) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1).  A
5 motion for reconsideration under Rule 59(e) is appropriate "if the district court: (1) is
6 presented with newly discovered evidence, (2) committed clear error or the initial decision
7 was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Circuit*
8 *City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005).

9       Petitioner's motion raises an argument that he already asserted in his Objection to
10 Judge Duncan's Report and Recommendation ("R & R").  He does not allege that there is
11 newly discovered evidence or that there has been a change in controlling law.  Thus, the
12 Court assumes that Eaton is arguing that the Court committed clear error.

13       In the R & R, Judge Duncan described the discrepancy in Eaton's statements
14 regarding when he first gave his original notice to prison officials. (Doc. 10).  As the Court
15 explained in footnote 1 of its Order, during the state court proceedings, Petitioner asserted
16 that he submitted the notice to prison officials on February 9, 2009, several months before
17 he was actually convicted. (Doc. 12).  Later he stated that he delivered the notice before the
18 90-day deadline expired.  As noted in this Court's Order, Judge Duncan made the factual
19 determination that Eaton's original notice was submitted to prison officials on February 9,
20 2010.  Petitioner did not object to or even mention this determination.  Thus, the Court
21 adopted Judge Duncan's factual determinations, including the date on which Petitioner
22 submitted the original notice.

23       As this Court noted in its Order, when a claim is procedurally barred, a petitioner must
24 demonstrate cause for the procedural default and actual prejudice. *Gray v. Netherland*, 518
25 U.S. 152, 162 (1996).  The Order explained that, even if prison officials failed to file the
26 original notice, Petitioner's notice was nevertheless untimely because it was filed several
27 months too late.  As a result, Petitioner could not establish cause for the default based on the
28 actions of the prison officials.  Moreover, he did not describe any additional circumstances

- 2 -

that would have established cause for his delay in submitting the original notice. Therefore, Petitioner was not entitled to relief.

**IT IS THEREFORE ORDERED** that Petitioner Eaton's motion for reconsideration and request for counsel (Doc. 14) is **DENIED**.

DATED this 17th day of June, 2011.

_____
G. Murray Snow
United States District Judge